IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05 CR 1010 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| ARTHUR HUDSON, | ) | District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of defendant Arthur Hudson to suppress evidence. For the following reasons, we deny the defendant's motion to suppress.

## BACKGROUND

The defendant has been charged in a multi-count indictment with four counts of possession of a controlled substance, both cocaine and crack cocaine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The defendant has filed a motion to suppress certain evidence recovered from his home following his arrest by agents of the Drug Enforcement Administration ("DEA"). On June 12, 2007, the Court held a suppression hearing on the matter.

In his motion to suppress evidence, defendant challenges the recovery of a number of drug-related items, as well as firearms, from his house on the day of his arrest. Specifically, a heat sealer with bags, a kilogram press, plastic gloves, a money counter, a drug ledger, scales, a

9mm Ruger (recovered in a drawer in the basement), a 12-gauge shotgun (recovered in a child's bedroom), a .22 caliber pistol (recovered in an upstairs bedroom), and a .38 caliber pistol (recovered in an upstairs bedroom) all were recovered during a search of the defendant's home. In addition, DEA agents found a wrapped package containing approximately one kilogram of cocaine in a file cabinet in the basement of the defendant's house. The agents found the 9mm Ruger in the same drawer as the kilogram of cocaine.

Defendant argues that all of this evidence should be suppressed because the DEA agents purportedly had neither a search warrant nor voluntary consent from him to conduct the search of his home. Defendant argues that his personal refusal to allow the agents consent to search made the subsequent search illegal.

## **DISCUSSION**

The Fourth Amendment to the United States Constitution states that the "right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. One well-recognized exception to the Fourth Amendment's warrant requirement is that a search of a location can be authorized through the voluntary consent of an individual possessing authority to give that consent. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

In *Georgia v. Randolph*, 547 U.S. 103, 126 S.Ct. 1515 (2006), the Supreme Court recently addressed the issue of whether a search, and subsequent seizure of evidence, from a location was lawful when one of the occupants of the location gave law enforcement officers

consent to search but "the other, who later seeks to suppress the evidence, is present at the scene and expressly refuses consent." *Id.* at 1519. In that case, the spouse of the defendant gave the police express consent to search the home and specifically led the police to drug evidence that was later used against the defendant. *Id.* While the wife of the defendant provided the police with consent to search, the defendant himself was present at the house and expressly denied the police permission to enter or search. *Id.* In resolving the issue presented, the Court held "that a warrantless search of a shared dwelling for evidence *over the express refusal of consent by a physically present resident* cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Id.* at 1526. (emphasis added).

In this case, Defendant testified that, immediately following his arrest on the morning of December 15, 2005, he expressly denied the agents consent to search his home. As such, he claims that the search was illegal under *Randolph,* irregardless of his wife's subsequent signing of the consent form.

The DEA agents Donald Wood and Roberto Guerra, on the other hand, presented a very different account of what happened on the morning of December 15, 2005. Their testimony revealed that the agents arrived at Defendant's residence at approximately 6:00 a.m., and they placed the Defendant into custody as he was coming out of the rear door of the residence at 7:30 a..m. Moments later, the Defendant advised them that his wife and kids were in the house, and Defendant granted verbal consent to search the residence. According to the Agents, Defendant then indicated that he wanted to consult with his wife before allowing the search. The Defendant and his wife spoke and, shortly thereafter, Defendant's wife, Sharon Ellis-Hudson, gave verbal permission to search and also signed a written consent form for the search of the residence. The

agents' account of their encounter with Ms. Ellis-Hudson conflicts with her sworn affidavit, but was not challenged by sworn testimony.

After hearing the evidence presented at the suppression hearing, we find the testimony of the agents to be credible. We find that both the Defendant and his wife provided agents with consent to search the home prior to the home being searched- the Defendant orally and the Defendant's wife orally and in writing. Furthermore, the fact is unchallenged with testimony that Mr. Hudson and Ms. Hudson-Ellis consulted prior to her signing the consent form. This indicates that Mr. Hudson either initiated that meeting with the intention of allowing the search, or came to that decision during the discussion. Thus, the rule announced in *Randolph* is not applicable to this case because the Defendant, himself, consented to a search of his house. Consequently, the recovery of all of the evidence from the Defendant's home on December 15, 2005 comported with the requirements of the Fourth Amendment, and the motion to suppress is denied.

## CONCLUSION

For the foregoing reasons, we deny the motion of Defendant Arthur Hudson to suppress evidence (#40).

It is so ordered.

*Wayne Andersen*

Wayne R. Andersen
United States District Judge

Dated: July 26, 2007